# Fisher *v.* Olive Branch Lodge, No. 33, K. P., Appellant.

*Beneficial societies—Payment to absconding officer.*

Where the members of a lodge are entitled to receive benefits from the relief fund of an order of which the lodge is a subordinate part, and the chief officer of the lodge receives from the relief fund a sum of money which is to be paid as a benefit to the widow of a deceased member of the lodge, and the officer absconds with the money, the lodge is bound to make good the benefit to the person entitled to receive it.

Argued Jan. 10, 1892. Appeal, No. 70, July T., 1887, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1892, No. 799, making absolute a rule for judgment in favor of plaintiff, Christina Fisher. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit for benefits.

Plaintiff in her statement of claim averred that she was the widow of William Fisher who died Nov. 23, 1889; that at the time of his death he was a member of Olive Branch Lodge, No. 33, Knights of Pythias of the state of Pennsylvania, the defendant; and being such, had also been a member of the Knights of Pythias of Pennsylvania Relief Fund; that by reason of his membership in said relief fund she was entitled, upon the death of her husband, to the sum of two hundred and fifty dollars, to be paid by said relief fund to said Olive Branch Lodge, and then by said lodge to plaintiff; plaintiff is advised by the officers of said relief fund that, upon the death of her husband and at the request of said Olive Branch Lodge, the said relief fund paid to said Olive Branch Lodge the sum of two hundred and fifty dollars, as appears by a check, duly delivered, the amount of which was duly paid by the bank on which it was drawn to said Olive Branch Lodge, the check being drawn by the treasurer of the relief fund "to the order of the Olive Branch Lodge No. 33, K. P.," and indorsed by the keeper of records and seals of the said Olive Branch Lodge.

And that thereupon the said Olive Branch Lodge became liable for the payment of said sum of two hundred and fifty dollars to said plaintiff.

Defendant filed an affidavit of defence in which he averred "that Julius Mountney, treasurer of said relief fund and of

VOL. CLII—29

the grand lodge, sent his check for the sum of two hundred and fifty dollars to one William MacConnell, who is the keeper of records and seals or corresponding secretary of the lodge defendant, and the money was drawn by him upon identification at the bank by the said treasurer of said fund, as the proper person to pay the money to, when in fact and in accordance with the laws of the order of Knights of Pythias he was not the proper person to pay the same to, which was known to the said treasurer. That the constitution of the subordinate lodges requires that all moneys for the lodge shall be paid to the master of finance or financial secretary, and turned over by him to the master of exchequer or treasurer, which was not done, but the money was collected by said MacConnell and paid to one Albert E. Bradley, the then chancellor commander or presiding officer, who absconded therewith. Neither the said MacConnell had any authority to receive, nor had he authority to pay over to Bradley, as he was not authorized or empowered to receive it, until it had been paid into the lodge defendant, all of which was done by the said MacConnell and Bradley without the consent or knowledge of said lodge defendant.

" That the lodge defendant never received the said money, and it never was part of said funds of the lodge, neither was MacConnell authorized either directly or indirectly to draw or collect the money from the bank, nor had he the right by virtue of his office as secretary to collect the same."

The court made absolute a rule for judgment for want of a sufficient affidavit of defence.

*Error assigned* was order of court, quoting it.

*Charles F. Linde*, for appellant, cited Adriance v. Roome, 52 Barb. 399; Dabney v. Stevens, 40 How. 341; Market Co. v. Jackson, 102 Pa. 269; Custar v. Titusville Co., 63 Pa. 381; Com. v. Ohio R. R., 1 Grant, 329.

*John S. Gerhard*, for appellee.

PER CURIAM, January 23, 1893:
Judgment affirmed.